## No. 9616.

### BEAVER PARK LAND & WATER COMPANY *v.* COWIE.

1. DIRECTED VERDICT—*Non-suit.* Where the plaintiff produces evidence sufficient to go to the jury neither a non-suit nor a verdict for defendant can be directed.

2. PLEADINGS—*Amendment—Diligence.* Leave to amend an answer is properly denied where it appears that at the filing of the original the defendant was sufficiently advised of the matters properly introduced by amendment.

3. EVIDENCE—*Relevancy.* Plaintiff attached an auto car as the property of defendant. Defendant's wife intervened, claiming the car. Plaintiff offered to show that defendant had used the car in its service, and received an allowance therefor. *Held* properly excluded, as having no tendency to prove whether defendant owned, leased, or borrowed the car.

4. PRACTICE IN ERROR—*Objections not taken below.* A document was offered for the intervenor, and admitted with a qualification. It was afterwards admitted without qualification. Plaintiff failing to ask an instruction upon the question, at the close of the evidence, waived the error so committed.

*Department One.* ₒ

*Error to Fremont District Court, Hon. James L. Cooper, Judge.*

Mr. CLARENCE C. HAMLIN, Mr. JAMES H. ROTHROCK, Mr. W. D. ROSS, for plaintiff in error.

Mr. GEORGE H. WILKES, for defendant in error.

Mr. Justice Burke delivered the opinion of the court.

THE plaintiff in error is hereinafter designated as "the company," defendant in error as "intervenor," and Archibald Cowie as "defendant."

In January, 1919, the company brought suit against the defendant for the sum of $14,458.74, and thereafter, under writ of attachment, on Overland automobile, here in question, was levied upon as defendant's property. Intervenor, the wife of defendant, then filed her petition herein alleging ownership of the automobile. This question of ownership was tried to a jury which returned a verdict for intervenor, fixing the value of the automobile at $850 and intervenor's damage at $150. Judgment was thereafter entered upon this verdict and such further proceedings had that the cause is now regularly before us for review on error.

Burke, J., after stating the case as above.

Five alleged errors of the trial court are discussed in the brief of counsel for the company. The first two relate to the court's refusal to enter a non-suit, or direct a verdict for the company. There was sufficient evidence to require the submission to the jury of the question of ownership, hence those motions were properly overruled.

At the close of the evidence plaintiff moved for leave to file an amendment to its answer to the petition in intervention. It sought thereby to set up that at the time intervenor claimed to have acquired ownership of the automobile in question the company was an existing creditor of defendant, and that defendant's pretended transfer to his wife of any interest he may have had in the automobile was in fraud of the company's rights. At the same time the company moved for a continuance of the trial on the issue of ownership until after the trial of the main cause, that it might therein establish the fact that it was such creditor at the time alleged; and for the further reason that it had not then and there present its witnesses to establish such fact, and was not prepared to go to trial thereon. This motion to amend was overruled and that ruling is assigned as error. We cannot so hold.

The president of the company was shown to have been cognizant of the wife's claim to the car, and that she held a bill of sale therefor, prior to the levy of the attachment. It thus appears that the company was in possession of sufficient information to have included in its original answer to the petition of intervention the matter which it thereafter sought to set up by amendment. In any event its motion should have been made at the close of intervenor's evidence or be held waived. The motion to amend having been properly denied no cause for a continuance existed.

Defendant had been an employee of the company and had used the automobile in question in the discharge of his duties under that employment. The company sought to show a contract with him providing an expense allowance for the use of an automobile, as tending to show that the car in question belonged to the defendant. This evidence the court excluded and upon that ruling error is predicated. The ruling was correct. Such evidence would have no tendency to prove whether defendant owned, borrowed or leased the car so used.

The company offered in evidence Exhibit "1," a certified copy of an application for an automobile license. The application was made by defendant and the car for which it was made was a Moon roadster, also claimed by intervenor, and forming one of the links in a series of trades upon which she based her claim of ownership to the Overland in question. The exhibit was admitted with the qualification that intervenor be shown to have had knowledge thereof. This ruling, and the remarks of the court thereon, are assigned as error. It is unecessary here to determine the question. The exhibit was later re-offered and admitted without the qualification. If the company was not satisfied with this action it should have tendered a proper instruction on the subject at the close of the evidence. Having failed to do so it waived the error, if any there were. The judgment is accordingly affirmed.

Garrigues, C. J., and Teller, J., concur.